## Worswick Manuf'g Co. v. Steiger.

*(Circuit Court, N. D. Ohio, E. D.* April Term, 1883.)

1. PATENTS FOR INVENTION—USE IN FOREIGN COUNTRY.
    A simple use of an invention in a foreign country, if not patented or described in any printed publication, is not a bar to the obtaining of a valid patent in this country.

2. SAME—COMBINATION—ANTICIPATION.
    Where the claim of a patent is a combination claim, consisting of several elements that co-operate together to produce the device claimed, such device can only be anticipated by a prior device, having identically the same elements, or the mechanical equivalents, of those that are not used. It will not do to find a portion of these elements in one machine, and a portion in a second, and a third, and so on, and then say that the device is anticipated.

3. SAME—PATENT No. 108,898, AND REISSUES Nos. 8,025 AND 8,026, SUSTAINED.
    Letters patent No. 108,898, granted to Herman Fischer, November 1, 1870, for improvements in apparatus for pumping fluid from vessels, was not anticipated by letters patent No. 106,008, of August 2, 1870, granted Abel A. Webster, and the reissues Nos. 8,025 and 8,026 of said original patent are valid, under *Miller* v. *Brass Co.* 104 U. S. 350, and reissue No. 8,026 is infringed by the device used by defendants, and its use should be enjoined.

In Equity.

*John Crowell* and *M. D. Leggett,* for complainants.

*G. W. Shumway,* for defendants.

WELKER, J. This suit is brought upon original patent No. 108,-898, granted to Herman Fischer, November 1, 1870, and on reissued letters patent Nos. 8,025 and 8,026, granted to the Worswick Manufacturing Company, assignee of William F. Class, the inventor. All these patents pertain to apparatus for pumping fluid from vessels. The answer filed by the defendant puts in issue the validity of the reissued patents, but as they were applied for within about four months from the date of the original, the defendants did not strenuously press the point of their invalidity. In examining these reissues I find nothing claimed that is not clearly shown and described in the original patent, and as the application for the reissues was filed so soon after the date of the original, I see no valid objection to the claims as allowed in the reissues, provided the same is not anticipated in the prior state of the art.

The defendants have set up as anticipating the inventions described in the patents at issue, patent granted to A. L. Webster in 1870, one to J. F. Navarro, and eight other United States patents; and also foreign use of the same prior to the application for patent in this country. The foreign use was conceded by stipulation, but under the statute a simple use of the invention abroad, if not patented or described in any printed publication, is not a bar to the obtaining of a valid patent in this country.

The only device among the several patents produced worthy of consideration as anticipating this invention, is the one shown and de-

scribed in letters patent No. 106,008, of August 2, 1870, granted to one Abel L. Webster.

The Fischer patent, No. 108,898, has a single claim in the following words:

" The combination of the screw tube, A, hollow cross-piece, E, with valve, I, stuffing-box, C, bent tube, B, and stop-cock, D, all constructed to operate substantially as set forth."

The device is adapted to be inserted in the bung of a barrel, or the top of a bottle, and so arranged that air or gas may be pumped through the device into the bottle or barrel, and delivered at a point above the surface of the liquid therein contained, thereby producing sufficient pressure upon the liquid to force the same up through the tube within the device, and deliver it through a stop-cock at or near the end of the tube. The device has a hollow chamber surrounding this delivery-tube, through which the gas or air is pumped into the retainer, and near the top of this air-chamber is a stuffing-box, forming a secure packing around the delivery-tube, thus permitting the up-and-down adjustment of the delivery-tube. At the point where the gas or air is pumped into the retainer there is a valve to prevent the escape of gas or air after the same has been pumped into the barrel. The defendants have attempted to limit the scope of this claim to a device that uses in this place only such a check-valve as would open inwardly to admit the air or gas, but to close automatically against the escape of air or gas from the inside. The defendant's expert, however, when being cross-questioned on this matter, testifies as follows, (D. R. 39:)

"*Cross-question* 19. I call your attention to the following passage to be found in the specification of the Fisher patent: 'Inside of this passage is a valve, *i*, so constructed as to admit a stream of air into the bottle, but not out of it.' Is there anything in the language quoted, or in any other portion of the patent, that is calculated to limit this portion of the Fisher device to any specific construction? *Answer.* I am inclined to think there is not. The valve is not specifically described. I should say that any device that is capable of opening and closing this passage is all that is essential.

"*Cross-question* 20. Would you consider that a device having the other essential elements of the Fisher patent, but provided with an ordinary stop-cock, instead of the valve, *i*, said stop-cock adapted to be manipulated by hand, would come within the scope of the Fisher patent, as pointed out in the claim thereof? *Answer.* It is my opinion that any device capable of opening and closing the air-passage in the hollow cross-piece, E, in the Fisher patent, would come within the scope of the claim of said Fisher patent."

Unless this Fisher patent is limited by the state of the art, I am of the opinion that the patent is not limited to a check-valve acting automatically, but any device that may be opened to permit the air or gas to be forced inwardly, and closed to prevent its escape, would fall within the scope of the claim, especially as admitted by the defendant's expert, as the patentee did not describe any particular form of valve, and did not limit himself to any particular form. It will

be noticed that the claim of this patent is a combination claim consisting of several elements, that co-operate together to produce the device claimed. This device, then, can only be anticipated by a prior device, having identically the same elements, or the mechanical equivalents of those that are not used. It will not do to find in older devices a portion of these elements in one machine, another portion in a second machine, another in a third, and so on, and then say that this device is anticipated. The inventor does not pretend to be the original inventor of any one of these elements. He only claims to have invented such an arrangement and combination of old elements as to produce a new machine. As above remarked, if this device is found in any older one presented in the record, or at the hearing, it is in the Webster patent above referred to. This patent, however, shows no means of checking the escape of gases at the point where the air or gas is forced into the receptacle, and it neither shows nor describes any stuffing-box, nor any means whatever of discharging the contents of the barrel or bottle, without also discharging the gases lying above the liquid in the receptacle. It therefore does not possess the elements of the Fischer invention, and does not anticipate it. In fact, the Webster patent does not seem to show or describe a working practical device. It has some of the elements of the Fischer patent, but it lacks just those elements that made the Fischer patent a practical and successful machine.

I must, therefore, conclude that the Fischer patent, No. 108,898, is not anticipated, and is, therefore, valid.

The defendant's device being constructed substantially in all respects like the Fischer invention, having all the elements of the Fischer claim combined, and operating in substantially the same way, there can be no doubt as to the infringement.

The two reissues involved in this suit are the reissues of original patent No. 191,656. It seems, from the certified file contents from the patent-office that when the applications for the reissue of this patent were filed, it was sought to obtain the matter in a single reissue; but the patent-office decided that the original patent contained two inventions, and that they should be divided; hence, by the requirements of the office, application was made for reissue in two divisions, A and B. One of these divisions, No. 8,026, was for an improvement upon the device patented by Fischer, the improvement consisting in a more simple and effective packing than secured by the Fischer device. This patent has three claims, all of which are involved in this suit. If this reissue is valid, there is no question about the infringement, for the reason that the defendants use a device embracing all the elements of each one of the claims. The references cited against this patent do not seem to embrace its features to any considerable extent.

The combination of no one of the claims is shown in any of the older devices cited. It is true, the claims in this reissue are some-

what broader than the claims in the original patent, but as the patentee did not sleep upon his rights, but returned his original patent to the patent-office inside of four months from the time it was granted, and asked for a reissue with these claims, I think that the reissue with its broader claims is valid, under *Miller* v. *Brass Co.* 104 U. S. 350, and all of the later decisions pertaining to the subject by the supreme court.

Reissue No. 8,025 is the other division of original patent No. 191,656, and is for a pumping device intended to inject air into a receiver. It does not appear from the record that this patent has been infringed by the defendant.

A decree may therefore be entered for the complainant on original patent No. 108,898, and reissued patent No. 8,026, and for the defendant in reissue patent No. 8,025, and the case will be referred to a master for the statement of account.